UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VIRGILIO ALFORD**
     Plaintiff
v.                                                                      CASE NO.: 6:20-cv-823

**SPILLWAY SPAS, LLC,**
 A Florida Company,
**TEEL MARKETING SOLUTIONS, LLC d/b/a/**
**SPILLWAY SPAS**
 A Florida Company, and
**MICHELLE J. TEEL**
     Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VIRGILIO ALFORD, (hereinafter "Plaintiff") by and through his undersigned counsel,

hereby sues Defendants, SPILLWAY SPAS, LLC (hereinafter, "SPILLWAY") TEEL

MARKETING SOLUTIONS, LLC d/b/a SPILLWAY SPAS (hereinafter, "SOLUTIONS") and

MICHELLE J. TEEL (Hereinafter, "TEEL")(Collectively, "Defendants") and alleges the

following:

### JURISDICTION AND VENUE

1.    This is an action by Plaintiff against his former employer pursuant to the Fair Labor

Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*., and for breach of contract. Plaintiff seeks

damages for, unpaid minimum wage, unpaid overtime, liquidated damages, unpaid wages

and reasonable attorney fees and costs.

2.    The unlawful employment practices and breach of contract alleged below were committed

within Brevard County, Florida.  This Court has jurisdiction pursuant to 29 U.S.C. § 216(b)

and 28 U.S.C. § 1367.

3.    At all times material herein, Plaintiff is and has been a resident of Brevard County, Florida.

4. At all times material hereto, Plaintiff was employed by Defendants and was an employee within the meaning of the FLSA, 29 U.S.C. 203(e)(1).

5. At all times throughout Plaintiff's employment, Plaintiff was a "non-exempt" employee and therefore subject to receive overtime compensation of a rate no less than one and one half times his regular rate of pay.

6. At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

7. At all times material hereto, SPILLWAY is and has been a Florida company and has conducted business in Brevard County, Florida.

8. At all times material hereto, SOLUTIONS is and has been a Florida company and has conducted business in Brevard County, Florida.

9. At all times material hereto, Plaintiff's paychecks were issued by SOLUTIONS for his work at Spillway Spas.

10. Defendants are an employer as defined by the FLSA 29 U.S.C. § 203 because it hired and directed Plaintiff to perform work for its benefit.  At all times material, Defendants have conducted business in the State of Florida.  Defendants hire, control, and manage employees in furtherance of its business needs.

11. At all times relevant to this action Defendant, TEEL owned and operated SPILLWAY. and who regularly exercised the authority to: (a) hire and fire employees of SPILLWAY.; (b) determine the work schedules for the employees of and (c) control the finances and operations of SPILLWAY. By virtue of having regularly exercised that authority on behalf of SPILLWAY., TEEL is/was an employer as defined by 29 U.S.C. §201, et seq.

12.     At all times relevant to this action Defendant, TEEL owned and operated SOLUTIONS

and who regularly exercised the authority to: (a) hire and fire employees of

SOLUTIONS; (b) determine the work schedules for the employees of and (c) control the

finances and operations of SOLUTIONS. By virtue of having regularly exercised that

authority on behalf of SOLUTIONS., TEEL is/was an employer as defined by 29 U.S.C.

§201, et seq.

13.     Defendants are engaged in interstate commerce as defined by 29 U.S.C. § 206(a) and

207(a)(1), because it has made over $500,000.00 in gross sales and/or is engaged in

commerce with businesses and individuals outside the State of Florida during the time

period in which the PLAINTIFF was employed.

14.     All conditions precedent to the institution and maintenance of this cause of action have

been met or waived.

15.     Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent his

interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee

for its services.

### General Allegations

16.     Spillway Spas manufacturers in-ground spas which are sold, shipped, and installed

throughout the United States and internationally.

17.     In or around October 2019, Plaintiff was hired to work for the Defendants in their

manufacturing warehouse located in Palm Bay, Florida at a rate of $16 per hour.

18.     Plaintiff worked for the Defendants until on or about April 13, 2020.

19.     During his first week of work in October 2019, Plaintiff worked 40 hours for the

Defendants.

20.     Defendants have refused to compensate Plaintiff for any work completed during his initial week.

21.     As a result, Defendants have failed to pay Plaintiff minimum wage for each hour worked during the first week of work.

22.     Between October 2019 and February 2020, Plaintiff estimates that he worked approximately 50 to 55 hours during each workweek.

23.     During Plaintiff's tenure with the Defendants, Plaintiff was paid at his regular rate for all hours worked in excess of 40 during a workweek.

24.     As a result, Defendant failed to compensate Plaintiff at a rate equal to one-and-a-half times his regular rate for time worked in excess of forty hours in a workweek.

25.     Plaintiff's final day was on or about Monday, April 13, 2020.

26.     Plaintiff worked approximately 8 hours on his final day, but Defendants have refused to compensate Plaintiff for that time.

27.     As a result, Defendants have failed to pay Plaintiff minimum wage for each hour worked during the last day of work.

**COUNT I:**
**VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW**

28.     PLAINTIFF re-alleges and incorporates paragraphs 1 through 27 of this Complaint as set forth in full herein.

29.     Pursuant to 29 U.S.C. §207(a)(1), Defendants were required to pay Plaintiff overtime compensation at one and one-half times their regular rate of compensation for any hours worked in excess of forty (40) hours per week.

30.     Defendants failed to compensate Plaintiff at the proper overtime rate.

31.   Defendants paid Plaintiff an overtime rate which equal to his regular rate.

32.   Defendants' actions were intentional, reckless or malicious.

33.   Defendants' actions were willful and not in good faith.

34.   Defendants did not have a good faith basis for the decision not to pay Plaintiff his overtime wages.

35.   As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff has been damaged.

36.   Specifically, Defendants are liable to Plaintiff for unpaid overtime wages, liquidated damages, and attorney fees and costs in conjunction with this action.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for the following:

   a)   Unpaid overtime found to be due and owing;

   b)   An additional amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

   c)   Award of reasonable attorney's fee and costs; and

   d)   Such other relief as this Court deems just and equitable.

### COUNT II:
### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF
### THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

37.   Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as set forth in full herein.

38.   Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiff at a rate not less than $7.25 an hour for each hour worked.

39.   Specifically, Defendants failed to pay Plaintiff for approximately forty-eight (48) hours of work, which is comprised of forty (40) hours during his first workweek and eight (8) hours from his final day.

40.   Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendants.

41.   Defendants' actions were intentional, reckless or malicious.

42.   Defendants actions were willful and not in good faith.

43.   Defendant did not have a good faith basis for their decision not to pay Plaintiff his unpaid minimum wages.

44.   As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff has been damaged.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which they may be entitled, including, but not limited to:

A.   Unpaid minimum wages found to be due and owing;

B.   An additional and equal amount of liquidated damages;

C.   An award of reasonable attorney's fees and all costs incurred herein; and

D.   All other damages to which Plaintiffs may be entitled

### COUNT III: BREACH OF CONTRACT - UNPAID WAGE

45.   Plaintiff re-alleges and incorporates paragraphs 1 through 27 of this Complaint as set forth in full herein.

46.   This is an action for unpaid wages owed to the Plaintiff.

47.   At all times material hereto, Plaintiff was employed by Defendants.

48.   In or about October 2019, Plaintiff and Defendants entered into an employment agreement wherein Plaintiff would provide services as a laborer for the benefit of Defendants to with Defendants would compensate Plaintiff.

49.   Defendant agreed to pay the Plaintiff at a rate of $16.00 per hour.

50.   Plaintiff fully complied with the terms of the parties' agreement by performing his job duties in a professionally competent manner.

51.   Defendants breached the agreement by failing to pay Plaintiff his wages for approximately forty-eight (48) hours that he worked.

52.   Plaintiff is owed in excess of $768.00.

53.   Plaintiff was damaged as a result of wages being withheld by Defendants.

54.   Defendants' actions were willful and not in good faith.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which he may be entitled, including, but not limited to:

A.  Judgment for the back pay found to be due and owing to the Plaintiff;

B.  Prejudgment interest.

C.  Attorneys fees and costs pursuant to Fla. Stat. §448.08

D.  Such other relief as this Court deems just and equitable.

<u>**DEMAND FOR JURY TRIAL**</u>
Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this  12th day of May, 2020.

**ARCADIER, BIGGIE & WOOD, PLLC.**

*/s/ Joseph C. Wood, Esquire*
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Joseph C. Wood, Esquire
Florida Bar No.: 0093839

2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@abwlegal.com
Secondary Email: wood@abwlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075