# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VIRGILIO ALFORD,

    Plaintiff,

    v.                                      Case No.:  6:20-cv-00823-PGB-GJK

SPILLWAY SPAS, LLC,
A Florida Company,
TEEL MARKETING SOLUTIONS, LLC
d/b/a SPILLWAY SPAS,
A Florida Company,
and MICHELLE J.
TEEL

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. §201, et seq. ("FLSA") AND FLORIDA LAW FOR UNPAID WAGES

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND FLORIDA LAW FOR UNPAID WAGES ("Agreement") is made by and between VIRGILIO ALFORD ("Plaintiff"), and SPILLWAY SPAS, LLC, TEEL MARKETING SOLUTIONS, LLC d/b/a SPILLWAY SPAS, and MICHELLE J. TEEL ("Defendants") as follows:

WHEREAS, Plaintiff through the above-referenced case alleged unpaid minimum wage and overtime compensation were due to him pursuant to the Fair Labor Standards Act ("FLSA") (Counts I and II of the Complaint), and Florida law "Breach of Contract - Unpaid Wage" (Count III of the Complaint).

WHEREAS, Defendants deny liability and / or any other wrongdoing with respect to Plaintiff.

WHEREAS, Plaintiff and Defendants wish to avoid further litigation and settle and resolve the controversy between them amicably and expeditiously.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above- entitled matter is hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLSA AND STATE LAW UNPAID WAGES CLAIMS**.

    a. This Agreement shall constitute a release of all claims Plaintiff might have under the FLSA and Florida law for unpaid wages and related attorney's fees and costs against Defendants.

    b. Upon execution of this Agreement, the parties shall, within five (5) business days thereafter, file a Joint Motion for Approval of Settlement and Dismissal of this case, with prejudice.

    c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendants, her/its owners, officers, directors, shareholders, members, employees. agents, insurers, parent corporations, predecessors, successors, assigns. subsidiaries, affiliates, and insurers, and their past, present and future directors, owners, officers, employees, agents, insurers and assigns, and attorneys, both individually and in their capacities as directors, officers, shareholders,

members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims under the FLSA and state law for unpaid wages against any of the Releasees which Plaintiff has or might have as of the date of the execution of this Agreement.

3. **SETTLEMENT SUMMARY**

a. If the parties receive an Order from the Court approving this settlement and dismissing this case, *with prejudice*, then, within 10 business days of the entry of the Court's dismissal, Defendants will pay to Plaintiff the total sum of **$10,750.00 (Ten Thousand Seven Hundred Fifty Dollars and Zero Cents)** paid as described below:

- **$1750.00 (One Thousand Seven Hundred Fifty Dollars and Zero Cents)**, made payable to VIRGILIO ALFORD, as and for minimum wage and overtime compensation allegedly due VIRGIOLIO ALFORD pursuant to the FLSA and state law for unpaid wages, which amount shall be subject to deductions and withholding and for which an IRS Form W-2 shall issue to VIRGILIO ALFORD;

- **$1750.00 (One Thousand Seven Hundred Fifty Dollars and Zero Cents)**, made payable to VIRGILIO ALFORD, as and for liquidated damages allegedly due VIRGILIO ALFORD pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to VIRGILIO ALFORD; and

- **$7250.00 (Seven Thousand Two Hundred Fifty Dollars and Zero Cents)**, made payable to ARCADIER, BIGGIE, AND WOOD, PLLC as attorneys' fees and costs incurred in connection with JACKIE FAUNCE's claims under the FLSA and state law for unpaid wages and for which separate IRS Forms 1099 shall issue to ARCADIER, BIGGIE, AND WOOD, PLLC.

Defendants shall also pay the entire mediator's fee of **$850.00 (Eight Hundred Fifty and Zero Cents)** associated with the mediation of this matter on February 25, 2021.

Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement, including the Release of FLSA and state law claims contained herein, and his fulfillment of the promises contained herein.

b. Defendants make no representation as to the taxability of the amounts paid

to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid by him with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendants and hold Defendants harmless from any interest, taxes, or penalties assessed against him/her/it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or his attorney under the terms of this Agreement.

4. **AFFIRMATIONS**. Plaintiff affirms that upon payment of the amounts set forth herein, he will have been paid and/or will have received all wages, overtime compensation and liquidated damages for all claims made in his Complaint. He also affirms that he has been paid and/or will have received pursuant to the payment herein, all attorneys' fees and costs in connection with this action.

5. **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for

any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind, or violation by the Releasees.

6. **OPPORTUNITY TO CONFER**. Plaintiff acknowledges that he is aware that he is giving up all FLSA and unpaid wages claims under state law he may have against the Releasees. Releasor represents that he has relied on the advice of his own attorney prior to signing this Agreement. Releasor agrees and acknowledges that he has had the opportunity to read, study, consider, and deliberate upon this Release, has been given sufficient time to respond to this offer, and by signing below, Releasor recognizes and shows that he understands and agrees with all terms of this Release. Releasor has relied solely and completely on his own judgment and the advice of his counsel in executing this Release and he has not relied on any representation or statement not set forth in this Release.

7. **WAIVER OF JURY TRIAL**. Plaintiff and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims for breach of this Agreement.

8. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida, Orlando Division.

9. **ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the Plaintiff's FLSA and state law unpaid wages claims asserted in this case.  Plaintiff acknowledges

that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement.

10. **EXECUTION IN COUNTERPARTS**. This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument.

11. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND STATE LAW UNPAID WAGES CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS AND STATE LAW UNPAID WAGES CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS PLAINTIFF HAS OR MIGHT HAVE, AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates indicated below with the intent to be legally bound hereby as of the date of the Parties' signature of this Release.

**Virgilio Alford**

_____V. Alford._____
(Signature)

Date: __Feb. 25__, 2021.

WITNESS: _____/s/ Joseph Wood_____
(Signature)

__Joseph Wood     2815 W. New Haven Ste 304 Melbourne FL 32904__
(Printed name and address)

**Michell, J. Teel**
**(Individually and as managing member and owner of Defendants SPILLWAY SPAS, LLC, A Florida Company, and TEEL MARKETING SOLUTIONS, LLC d/b/a SPILLWAY SPAS)**

_____Michell_____
(Signature)

Date: __Feb 25__, 2021.

WITNESS: _____C Willis_____
(Signature)

__Calvin Willis     124 San Juan Circle, Melbourne FL__
(Printed name and address)

Page **7** of **7**